FILED
IN OPEN COURT

OCT 22 2020

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:20-cr-65 |
| | ) | |
| v. | ) | 18 U.S.C. § 1349 |
| | ) | Conspiracy to Commit Bank Fraud |
| TYSHAD J. DAVIS, | ) | (Count 1) |
| | ) | |
| Defendant. | ) | 18 U.S.C. §§ 1344 and 2 |
| | ) | Bank Fraud |
| | ) | (Counts 2-6) |
| | ) | |
| | ) | 18 U.S.C. §§ 1014 and 2 |
| | ) | False Statements on Loan and Credit |
| | ) | Applications |
| | ) | (Counts 7-8) |
| | ) | |
| | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | Asset Forfeiture |

## INDICTMENT

October 2020 Term – at Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At all relevant times:

1. TYSHAD J. DAVIS, the defendant herein (hereinafter "DAVIS"), was a resident of Norfolk, Virginia, in the Eastern District of Virginia.

2. Langley Federal Credit Union and Navy Federal Credit Union are financial institutions, as defined by Title 18, United States Code, Section 20. They are both credit unions with accounts insured by the National Credit Union Share Insurance Fund.

## COUNT ONE
### Conspiracy to Commit Bank Fraud

1. The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2. Beginning on a date unknown to the Grand Jury, but believed to be no later than in or about February 2019, and continuing through a date unknown but believed to be through in or about at least May 2020, in the Eastern District of Virginia and elsewhere, TYSHAD J. DAVIS, the defendant herein, along with other conspirators, both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to knowingly execute and attempt to execute a scheme and artifice to defraud and to obtain money, funds, credits, assets, securities, and other property owned by and under the custody and control of financial institutions as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations, and promises in violation of Title 18, United States Code, Section 1344.

### WAYS, MANNER, AND MEANS OF CONSPIRACY

The ways, manner, and means by which the foregoing objectives of the conspiracy to commit bank fraud were to be accomplished included, but were not limited to, the following:

3. The primary purpose of the conspiracy and the scheme and artifice was for conspirators to obtain through fraudulent means money, credits, assets, securities, and other property owned by and under the control of financial institutions located in the Eastern District of Virginia and elsewhere, including Langley Federal Credit Union and Navy Federal Credit Union, by (i) negotiating and then drawing against stolen financial instruments; and (ii) applying for fraudulent loans and other lines of credit.

4. It was part of the conspiracy and the scheme and artifice that DAVIS and his conspirators obtained stolen financial instruments, including checks, by either stealing them from the legitimate account holders or otherwise obtaining them.

5. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators negotiated the stolen financial instruments and, in so doing, drew against the bank accounts of unwitting victims who did not benefit from or otherwise authorize these transactions.

6. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators recruited individuals – including M.M., L.V., S.T., M.B., D.D., B.H., and others – to deposit the stolen financial instruments into newly established bank accounts with Langley Federal Credit Union and other financial institutions.

7. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators made the stolen financial instruments payable to the recruited individuals and deposited the stolen financial instruments into the newly established bank accounts on behalf of the recruited individuals.

8. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators structured a series of withdrawals of the proceeds in the form of U.S. currency from the accounts of the recruited individuals.

9. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators retained a substantial percentage of the U.S. currency.

10. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators recruited different individuals to share their personally identifying information, bank account information, and means of account access.

11. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators used the fraudulently obtained information of others to apply for, open, and attempt

3

to open new credit and loan accounts in the names of the individuals to whom the information belonged.

12. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators made materially false representations about the loan applicant's employment and total monthly income in order to induce the financial institution, including Navy Federal Credit Union, to issue larger loans and lines of credit than they otherwise would have approved.

13. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators caused financial institutions, including Navy Federal Credit Union, to issue loans and other lines of credit, in the names of the recruited individuals, in some cases without their knowledge or consent.

14. It was further part of the conspiracy and scheme and artifice that DAVIS and his conspirators directed and caused the issuing financial institution, including Navy Federal Credit Union, to deposit the proceeds of such loans and lines of credit into accounts of the recruited individuals where DAVIS and his conspirators would withdraw or otherwise obtain the proceeds for themselves.

(In violation of Title 18, United States Code, Sections 1349 and 1344.)

## COUNTS TWO THROUGH SIX
(Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2. On or about the dates and in the manner set forth below, in the Eastern District of Virginia and elsewhere, TYSHAD J. DAVIS, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, did knowingly and willfully attempt to execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, asserts, and securities owned by and under the custody and control of Langley Federal Credit Union ("LFCU"), a financial institution under Title 18, United States Code, Section 20, by means of the materially false and fraudulent pretenses, representations, and promises identified below:

| Count | Date (on or about) | Description of Transaction |
|---|---|---|
| 2 | 09/01/2019 | DAVIS withdrew $400.00 from LFCU account (last four digits 9893) of S.T. following his deposit of a stolen financial instrument (check no. 331) of S.J. in the amount of $500.00. |
| 3 | 09/07/2019 | DAVIS withdrew $500.00 from LFCU account (last four digits 0432) of M.B. following his deposit of stolen financial instrument (check no. 196) of H.S. in the amount of $700.00. |
| 4 | 9/22/2019 | DAVIS withdrew $600.00 from LFCU account (last four digits 0915) of L.V. following his deposit of a series of stolen financial instruments (check nos. 832, 843, 834, 848, 831, 835, and 842) of N.L. in the aggregate amount of $3,400.00. |
| 5 | 09/27/2019 | DAVIS withdrew $500.00 from the LFCU account (last four digits 2082) of M.M. following his deposit of stolen financial instrument (check no. 136) of K.B. in the amount of $700.00. |

| 6 | 09/28/2019 | DAVIS withdrew $500.00 from the LFCU account (last four digits 2082) of M.M. following his deposit of stolen financial instrument (check no. 427) of T.M. in the amount of $700.00. |

(In violation of Tile 18, United States Code, Sections 1344 and 2.)

## COUNTS SEVEN THROUGH EIGHT
(False Statements on Loan and Credit Applications)

THE GRAND JURY FURTHER CHARGES THAT:

1. The factual allegations set forth in the General Allegations are incorporated herein as if set out in full.

2. On or about the dates and in the manner set forth below, in the Eastern District of Virginia and elsewhere, TYSHAD J. DAVIS, the defendant herein, aided and abetted by others, and along with other conspirators known and unknown to the Grand Jury, knowingly made a false statement and report for the purpose of influencing Navy Federal Credit Union, a financial institution, as defined under Title 18, United States Code, Section 20, in connection with an application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, and loan, as set forth in the table below.

| Count | Date (on or about) | False Statements |
|---|---|---|
| 7 | 2/10/2019 | DAVIS completed a digital credit application for Navy Federal Credit Union account (last four digits 0196) on behalf of and in the name of K.M. and falsely claimed that his total monthly income was approximately $6,800.00. |
| 8 | 2/12/2019 | DAVIS completed a digital loan application for Navy Federal Credit Union account (last four digits 1014) on behalf of and in the name of W.N. and falsely claimed that his total monthly income was approximately $7,666.66. |

(In violation of Title 18, United States Code, Sections 1014 and 2.)

## FORFEITURE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE THAT:

1.  The defendant, if convicted of any of the violations alleged in this Indictment, shall forfeit to the United States, as part of sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of the violation.

2.  If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e.).

(In accordance with Title 18, United States Code, Section 982(a)(2)(A).)

UNITED STATES v. TYSHAD J. DAVIS
4:20-cr-65

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

A TRUE BILL:

**REDACTED COPY**

_____
FOREPERSON

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
D. Mack Coleman
Assistant United States Attorney
Eastern District of Virginia
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax:   (757) 591-0866
Email: mack.coleman@usdoj.gov